[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case came to this court as a courtside trial. The plaintiff's claim that the defendants owe the plaintiffs money, as the result of the defendant not paying for two rugs left with him on consignment. The defendants denied the claim. The court finds that the plaintiffs were owners of two rugs. One was an Aubusson and one was a Harriz-Sarapi.
Although there is some dispute as to when the defendant, Bijan Janati took possession of the rugs, it is clear that he did take possession. It is also clear, that the rugs were on consignment. It is disputed as to what were the terms of the consignment. It is disputed as to what were the values of the rugs.
As to the issue of consignment, the court finds the most credible evidence is that Mr. Janati was given both rugs. The most credible evidence is that when the rugs were given on consignment to Mr. Janati, the terms of the consignment were not specifically spelled out in writing. This court finds that the testimony of Andrew Fisher was most credible on the issue of the terms of the consignment. This court finds it unrealistic to believe that the goods were given to Mr. Janati to sell them as he deemed appropriate for any price and for any commission. The testimony that approval had to be obtained from the plaintiffs, of the sales price and the commission to be paid, is the most credible.
It is also undisputed, at some point, that these goods were wrongfully held by others from Mr. Janati. It is also undisputed that the two consigned rugs are missing and have not been returned to the plaintiff. It is also clear from the evidence, that the plaintiff requested that the rugs be returned.
The court finds that the fair market value of the Aubusson rug is $18,000.00. This is shown on Mr. Janati's exhibit six, that shows the value when it was consigned to Mr. Viola. Mr. Janati testified that this was what he called, "the replacement price." Mr. Fisher's opinion was that it was worth $20,000.00.
As to the Harriz-Sarapi, which is shown on exhibit six, "the CT Page 734 replacement price," when given to Mr. Viola, was $16,200.00. Mr. Fisher said it was worth $20,000.00 in his opinion. Court finds the fair market value of the Harriz-Sarapi rug is $16,200.00.
It is clear, to this court, since the defendant, Mr. Janati did not perform his part of the contract, which was to sell the rugs at a mutually acceptable price, that he is not entitled to deduct from the value of the goods, a commission. The plaintiff's asked for the goods to be returned. They were not. Thus, the value would be the fair market value not less a commission.
It is also clear, to this court, that Mr. Janati did what a reasonable person would do under this circumstances of the theft. When he discovered the problem with Mr. Viola, he proceeded to advise the police department, who conducted an investigation. Mr. Janati then brought appropriate civil actions. It is clear, to this court, that at or about the time the plaintiffs called Mr. Janati, concerning the rugs, he was ready to call them and advise them that they had been removed from his possession wrongfully. The court finds that the defendant did not adequately secure the rugs and is responsible for their loss. The court finds; however, the defendant did not commit any unfair trade practices.
The court finds in favor of the plaintiff's on the first count, breach of contract, and on the second count, breach of bailment. The court finds that the first, second and third special defenses have not been proven by a fair preponderance of the evidence. The court finds for the defendant on count three, on Conversion; count four, Fraud, and count five, the Connecticut Unfair Trade Practices Act. The court finds fraud was not proven by clear and convincing evidence. The court finds no unfair trade practice.
In summary, the court finds:
 1. The defendant breached the contract to sell the rugs as mutually agreed or to return them.
 2. The fair value of the rugs was $18,000.00 for the Aubusson and $16,200.00 for the Harriz-Sarapi.
Accordingly, judgement may enter in favor of the plaintiffs in the sum of $34,200.00 against all defendants. Costs of suit are awarded and no attorney's fees are awarded. CT Page 735
KARAZIN, J.